IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SANDEEP NARAYAN, M.D. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:22-cv-615 |
| ) | |
| ALEJANDRO MAYORKAS, Secretary of ) | |
| Homeland Security; UR M. JADDOU, ) | |
| Director of the U.S. Citizenship ) | |
| and Immigration Services (USCIS); ) | |
| and JOHN M. ALLEN, Director of ) | |
| USCIS Texas Service Center ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR REVIEW OF FINAL ADMINISTRATIVE DECISION

### INTRODUCTION

1. This is a civil action brought by Plaintiff, Sandeep Narayan, M.D., under the Administrative Procedure Act. Plaintiff seeks review of a final decision of the United States Citizenship and Immigration Services (USCIS). The decision, issued May 9, 2022, denied a Form I-140 physician national interest waiver immigrant self-petition filed by Plaintiff on his own behalf, pursuant to 8 U.S.C. § 1153(b)(2)(B)(ii).

2. Despite record evidence showing that Plaintiff agreed to practice medicine fulltime for five years in a designated underserved area, and in fact completed five years of qualifying service in compliance with the requirements of 8 U.S.C. § 1153(b)(2)(B)(ii), Defendants denied Plaintiff's immigrant self-petition pursuant to Defendants' assertion that Plaintiff failed to meet the requirements of a regulatory scheme which is *ultra vires* the statute.

Page -1-

3. Defendants' decision denying Plaintiff's immigrant petition is arbitrary and capricious, and contrary to the law, namely the Administrative Procedure Act and the Immigration and Nationality Act. Plaintiff requests that this Court vacate the denial, order the Defendants to approve Plaintiff's immigrant self-petition, and order Defendants to cease their practice of adjudicating physician national interest waiver self-petitions in reliance on a regulatory scheme that is *ultra vires* the governing statute, 8 U.S.C. § 1153(b)(2)(B)(ii).

## JURISDICTION AND VENUE

4. This case arises under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.* and the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as a civil action arising under the laws of the United States. This Court also has the authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702. The United States has waived sovereign immunity under 5 U.S.C. § 702.

5. Venue for this action is proper under 28 U.S.C. § 1391(e)(1)(C) because the Western District of North Carolina is the judicial district in which the Plaintiff resides.

## EXHAUSTION

6. Defendants' May 9, 2022 denial of Plaintiff's immigrant petition constitutes the final agency action under the APA, 5 U.S.C. §701, et seq. Neither the INA not the Department of Homeland Security regulations at 8 C.F.R. § 103.3(a) require an administrative appeal of the denial. Accordingly, Plaintiff has no administrative remedies to exhaust.

## PARTIES

7. Plaintiff, Sandeep Narayan, M.D., is a citizen of India, and is a physician and

Page -2-

Case 3:22-cv-00615-FDW-DCK    Document 1    Filed 11/09/22    Page 2 of 14

board-certified anesthesiologist, currently practicing in Charlotte, North Carolina. Prior to his current practice in North Carolina, Dr. Narayan completed more than five years of full-time employment, in H-1B status, at Eastern Maine Medical Center in Bangor, Maine, a facility located in a designated Medically Underserved Area.

8. Defendant Alejandro Mayorkas is the Secretary for the Department of Homeland Security (DHS), and as such has supervisory responsibility over the United States Citizenship and Immigration Services (USCIS), an agency of the U.S. Department of Homeland Security. He is being sued in his official capacity only.

9. Defendant Ur M. Jaddou is the Director of the USCIS and as such has supervisory responsibility over the USCIS Texas Service Center. She is being sued in her official capacity only.

10. Defendant John M. Allen is the Director of the USCIS Texas Service Center and has overall responsibility for decisions of the USCIS Texas Service Center. The Texas Service Center adjudicates employment-based immigrant petitions arising in several states, including North Carolina. Mr. Allen is being sued in his official capacity only.

## LEGAL FRAMEWORK

11. In general, pursuant to 8 U.S.C. § 1153(b)(2)(B), a physician or other advanced degree professional may be classified as eligible to immigrate to the United States only if a U.S. employer is offering that professional a permanent fulltime position, and the employer has previously conducted a test of the labor market to prove to the U.S. Department of Labor that there are no qualified U.S. workers available for the position. However, pursuant to 8 U.S.C. § 1153(b)(2)(B)(i) the Secretary of Homeland Security has discretion to waive the requirement of a

job offer for an advanced degree professional, if the Secretary deems the professional's immigration to be in the national interest.

12. In 1999 Congress enacted the Nursing Relief for Disadvantaged Areas Act of 1999 ("Nursing Relief Act"), Pub. L. No. 106-95, 113 Stat. 1312 (Nov. 12, 1999), which amended the national interest waiver provisions of 8 U.S.C. § 1153(b)(2) by adding a separate section, 1153(b)(2)(B)(ii). Unlike 8 U.S.C. § 1153(b)(2)(B)(i) which grants the Secretary of Homeland Security discretion to approve certain national interest waiver immigrant petitions, the national interest waiver petition process for physicians, created by the Nursing Relief Act, is mandatory: The statute states that the Secretary of Homeland Security "…shall grant a national interest waiver pursuant to clause (i) on behalf of any alien physician…" provided that the physician agrees to work full-time in an area designated as suffering from a shortage of healthcare professionals, and, "…a Federal agency or a department of public health in any State has previously determined that the alien physician's work in such an area or at such facility was in the public interest." U.S.C. § 1153(b)(2)(B)(ii). A separate section of the statute states that a national interest waiver physician cannot be granted permanent resident status until the physician has completed an aggregate of five years of service in an underserved area. 8 U.S.C. § 1153(b)(2)(B)(ii)(II).

13. The requirements for a physician national interest waiver immigrant petition under 8 U.S.C. § 1153 (b)(2)(B)(ii) are simple, clearly stated, and mandatory. Under the statute, the immigration of a physician who agrees to practice fulltime in a designated underserved area is deemed to be in the national interest, subject only to the requirement that a state department of public health or an appropriate federal agency previously determined that the physician's

practice at that location was in the public interest. Based on the physician's agreement to serve, the usual requirement of an employer's job offer is waived, and the physician shall be classified as eligible to immigrate under the employment-based second preference category.

14. In 2000, the legacy Immigration and Naturalization Service ("INS") published an interim final rule implementing the physician national interest waive provisions of the Nursing Relief Act. 65 Fed. Reg. 53,889 (Sept. 6, 2000) (codified at 8 C.F.R. §§ 204.12, 245.18). The regulations stating the requirements for obtaining approval of a physician national interest waiver immigrant petition were codified at 8 C.F.R. § 204.12 and the regulations regarding applications for adjustment of status by national interest waiver physicians were codified at 8 C.F.R. § 245.18.

15. The regulations at 8 C.F.R. § 204.12, which list criteria and documentary requirements for physician national interest waiver petitions, imposed significant restrictions beyond those listed in the statute. The regulations required a national interest waiver physician to submit a full-time five-year employment agreement and required that the agreement be dated within six months prior to the date of filing the immigrant petition. 8 C.F.R. §§ 204.12(a), (c). The regulations also stated that the physician's required five years of service would begin on the date that the INS approved the immigrant petition, and that only service completed after the agency's approval of the immigrant petition would be recognized as fulfilling the five-year requirement. The regulations also required national interest waiver physicians to complete an aggregate of 5 years of qualifying full-time clinical practice during the 6-year period beginning on the date of the approval of the petition (for physicians who were already authorized to accept employment) or beginning on the date the USCIS issues employment authorization. 8 C.F.R §

Case 3:22-cv-00615-FDW-DCK   Document 1   Filed 11/09/22   Page 5 of 14

204.12(b). Finally, the regulations required that the previous determination by a state department of health that the physician's work was in the public interest, must be in the form of a currently dated attestation, issued within six months prior to the date of filing the petition. 8 C.F.R. § 204.12(c)(3)

16. In general, the regulatory scheme laid out in 8 C.F.R §§ 204.12 and 245.18 gives no recognition to previously completed service and focuses exclusively on prospective employment. A physician is required to present contemporaneous evidence of prospective employment, and after the USCIS approves the national interest waiver petition, the physician is then required to complete five years of service at the approved location.

17. In 2003 a group of immigrant physicians brought an action in federal district court for declaratory and injunctive relief, challenging certain aspects of the published regulations for physician national interest waivers. *Schneider v. Chertoff*, 450 F.3d 944 (9th Cir. 2006). The plaintiff physicians, who had approved national interest waiver immigrant petitions, had filed applications for adjustment of status but had also completed significant periods of practice in underserved areas prior to the filing their national interest waiver immigrant petitions. Plaintiffs challenged the regulation that required national interest waiver physician to complete five years of qualifying service <u>after</u> the approval of the national interest waiver immigrant petition and gave no recognition to service completed before the immigrant petition was approved. The U.S. Court of Appeals for the Ninth Circuit ruled that 8 C.F.R. §§ 245.18(e) and 204.12 (b), which required national interest waiver physician to complete five years of qualifying service after the approval of the petition, were *ultra vires* the statute. "The statutory language makes clear that Congress contemplated counting prior medical practice toward the medical practice

requirement." *Schneider v. Chertoff*, 450 F.3d at 954.

18. In January of 2007 the USCIS issued an interim guidance memo agreeing with the Schneider court that certain aspects of the physician national interest waiver regulations were *ultra vires* 8 U.S.C. § 1153(b)(2)(B)(ii). Memorandum, January 23, 2007, by Michael Aytes, USCIS Associate Director, Domestic Operations, regarding the decision by the U.S. Court of Appeals for the Ninth Circuit, *Schneider v. Chertoff,* 450 F.3d 944 (9th Cir. 2006) (hereinafter, *Schneider* memo). The USCIS stated that it would henceforth recognize qualifying practice in an underserved area which was completed before filing or approval of the immigrant petition. *Schneider* memo at 3-4. The memo also stated, "This interim guidance will be followed by amended regulations to give regulatory effect to the *Schneider* decision." Page 4. However, the interim regulations published by legacy INS on September 6, 2000 remain in effect, and the current USCIS Policy Manual reflects the requirements stated in those regulations for the adjudication on immigrant petitions filed pursuant to 8 U.S.C. § 1153(b)(2)(B)(ii). *USCIS Policy Manual, Volume 6, Part F, Chapter 6, paragraph B,3.*

## STATEMENT OF FACTS

19. In July 2013 Dr. Sandeep Narayan completed his residency training in anesthesiology at the University of Washington Medical Center in Seattle, Washington, as a J-1 exchange visitor. Dr. Narayan was therefore subject to the requirement stated in 8 U.S.C. § 1182(e), that he reside for two years in India. In 2013 Dr. Narayan sought a waiver of the two-year home country residence requirement pursuant to 8 U.S.C. § 1184(*l*), through the Maine Department of Health and Human Services (Maine-DHHS) J-1 waiver program. Dr. Narayan signed an agreement to serve for three years as an anesthesiologist at the Eastern Maine Medical

Center in Bangor, Maine, a facility that is within an area designated as a Medically Underserved Area/Population by the Health Resources and Services Administration of the U.S. Department of Health and Human Services.

20. Based on Dr. Narayan's three-year employment agreement and on the fact that his proposed practice location was within a designated physician shortage area, on May 10, 2013 the Maine-DHHS issued a letter, addressed to the U.S. Department of State Waiver Review Division, recommending that Dr. Narayan be granted a J-1 waiver. That letter also stated that Dr. Narayan's employment at the Eastern Maine Medical Center would improve healthcare access and reduce healthcare disparities in Maine, and that Dr. Narayan's practice at that location was in the public interest. USCIS granted Dr. Narayan a change of nonimmigrant status from J-1 to H-1B, and on August 18, 2013, Dr. Narayan began his employment at Eastern Maine Medical Center.

21. Three years later, on August 17, 2016, Dr. Narayan completed the three-year service requirement for his J-1 waiver. Dr. Narayan agreed to continue his practice at Eastern Maine Medical Center beyond the initial three-year obligation, and he practiced as a fulltime physician at that facility until September 9, 2018. In all, Dr. Narayan completed more than five years of continuous full-time employment at Eastern Maine Medical Center.

22. In September of 2018 Dr. Narayan relocated to Charlotte, North Carolina and on September 10, 2018 he began to practice as an anesthesiologist in H-1B status, at Carolinas Medical Center-Atrium Health in Charlotte, in H-1B status. Dr. Narayan's current practice location is also within a designated physician shortage area.

23. On June 20, 2020 Dr. Narayan filed a Form I-140 immigrant petition with the

Page -8-

Case 3:22-cv-00615-FDW-DCK   Document 1   Filed 11/09/22   Page 8 of 14

USCIS Texas Service Center, requesting that he be classified as eligible to immigrate to the United States as a physician whose immigration is in the national interest, pursuant to 8 U.S.C. § 1153(b)(2)(B)(ii). As evidence of his agreement to work in an underserved area, Dr. Narayan submitted detailed documentary evidence that he had, in fact, served as a physician for five years in an underserved area. The documents Dr. Narayan submitted included the following:

- copies of the appointment notices for Dr. Narayan's appointment to medical staff of Eastern Maine Medical Center dated August 26, 2013, September 27, 2013, August 5, 2015, and July 31, 2017;
- W-2 payroll summaries issued by Eastern Maine Medical Center to Dr. Narayan every year from 2013 through 2018; and
- approval notices for H-1B petitions filed by Eastern Maine Medical Center, covering the entire period of Dr. Narayan's employment at that facility.

Finally, Dr. Narayan's agreement to practice at Eastern Maine Medical Center was demonstrated by a detailed letter signed by Dr. James Dana, the Acting Chair of the Department of Anesthesiology at Eastern Maine Medical Center, confirming the details of Dr. Narayan's five years of fulltime medical practice at that facility, August 18, 2013 to September 9, 2018.

24. As evidence that the Maine Department of Health and Human Services had previously found his practice at Eastern Maine Medical Center was in the public interest, Dr. Narayan submitted the letter that the Department has issued on May 10, 2013 stating exactly that conclusion. The record also included a letter dated June 25, 2013 from the U.S. Department of State, stating that the Department had reviewed Dr. Narayan's waiver application, based on his anticipated service at Eastern Maine Medical Center, "…and finds it in the public interest and

Page -9-

Case 3:22-cv-00615-FDW-DCK    Document 1    Filed 11/09/22    Page 9 of 14

recommends to the USCIS that the waiver be GRANTED to the exchange visitor…" Finally, the record also included a March 16, 2022 letter issued by the Maine Department of Health and Human Services, provided in response to a Request For Evidence, which restated the agency's previous 2013 determination, that Dr. Narayan's practice at Eastern Maine Medical Center from August 18, 2013 through September 9, 2018, was in the public interest.

25. In sum, Dr. Narayan demonstrated his agreement to practice for five years in an underserved area by showing that he did in fact practice as a fulltime physician, in H-1B status for more than five years, providing care in a designated underserved area. The record also included clear evidence that the Maine Department of Health and Human Services, as well as the U.S. Department of State, previously determined that Dr. Narayan's service at that location was in the public interest.

26. On May 9, 2022 the USCIS Texas Service Center denied Dr. Narayan's Form I-140 immigrant petition. The Service Center's decision states that 8 U.S.C. § 1153(b)(2)(B)(ii) established "special rules" for physicians requesting national interest waivers, and then recites the 2000 regulations codified at 8 C.F.R. § 204.12. In particular, the decision cited the special rule at 8 C.F.R § 204.12(c)(1), requiring a national interest waiver physician to submit an employment agreement "…issued and dated within 6 months prior to the date the petition is filed." With respect to the requirement for a letter determining that the physician's practice at the physician shortage location is in the public interest, the decision cited 8 C.F.R. § 204.12(c)(3) which states that such letter must be issued and dated within 6 months prior to the date on which the petition is filed.

27. Ignoring the submitted evidence that Dr. Narayan completed five years of full-

time practice in an underserved area and that the Maine-DHHS previously determined that his practice at the Eastern Maine Medical Center was in the public interest, the Service Center denied Dr. Narayan's request for a national interest waiver under 8 U.S.C. § 1153(b)(2)(B)(ii). The decision stated that notwithstanding the *Schneider* court's finding that the refusal by USCIS to recognize previously completed service in a shortage area to be *ultra vires* with respect to a physician's application for adjustment of status (pursuant to 8 C.F.R. § 245.12), USCIS would continue to require a physician requesting a national interest waiver immigrant petition to submit a currently dated five-year contract. The Texas Service Center cited 8 C.F.R. § 204.12(c) as its authority for denying Dr. Narayan's national interest waiver immigrant petition.

## CAUSES OF ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

### COUNT I

### Administrative Procedure Act Violation, 5 U.S.C. § 706(2)(C)

28. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

29. Under 5 U.S.C. §§ 702 and 704 Plaintiff has suffered a legal wrong and has been adversely affected or aggrieved by an agency action.

30. As applied to Dr. Narayan's immigrant petition requesting a national interest waiver, the regulations at 8 C.F.R. §§ 204.12(c)(1) and (3) are *ultra vires* 8 U.S.C. § 1153(b)(2)(B)(ii) and exceed the USCIS's statutory authority, in violation of 5 U.S.C. § 706(2)(C). The statute mandates approval of a national interest waiver for a physician who meets the clearly stated requirements of the statute. Further, the statute withholds from the Secretary of Homeland Security the authority to create the additional eligibility restrictions that

Defendants relied upon to deny Dr. Narayan's petition.

31. The statute states that a national interest waiver physician qualifies for that benefit by agreeing to practice full-time in an underserved area. USCIS unlawfully restricts eligibility, through 8 C.F.R. § 204.12(c)(1), by requiring that an employed physician demonstrate his agreement to practice in an underserved area by showing a five-year employment contract dated within six months of filing. By denying Dr. Narayan's national interest waiver immigrant petition on the basis of 8 C.F.R. § 204.12(c)(1), Defendants unlawfully exceeded their authority under the statute.

32. Similarly, the Defendants unlawfully exceeded their statutory authority by requiring that Dr. Narayan submit a currently dated public interest determination from a state public health agency, pursuant to 8 C.F.R. § 204.12(c)(3), in violation of the statute's clearly stated requirement that a national interest waiver physician to show that a state public health agency *previously* determined that the physician's work *was* in the public interest. The regulations' requirement of a currently dated public interest letter conflicts with statute's use of the word "previously" and with the statute's use of the past tense. The Defendants' assertion, pursuant to 8 C.F.R. § 204.12(c)(3), that USCIS will only accept a contemporaneous public interest letter as evidence that the Maine Department of Health and Human Service previously determined that Dr. Narayan's practice in Maine was in the public interest, is *ultra vires* the statute. Defendants exceeded their authority under 8 U.S.C. § 1153(b)(2)(B)(ii) by denying Dr. Narayan's national interest waiver petition in reliance on 8 C.F.R. § 204.12(c)(3).

33. The statute explicitly withholds from the Secretary of Homeland Security, the discretion to establish special rules and restrictions for national interest waiver physicians,

Case 3:22-cv-00615-FDW-DCK   Document 1   Filed 11/09/22   Page 12 of 14

beyond the eligibility criteria that are listed in 8 U.S.C. § 1153(b)(2)(B)(ii).

## COUNT II

### Administrative Procedure Act Violation, 5 U.S.C. § 706(2)(A)

34. Plaintiff incorporates the allegations in the above paragraphs as if fully set forth herein.

35. Defendants' refusal to consider Dr. Narayan's documentary evidence, showing that he has complied with the plain requirements for the physician national interest waiver under 8 U.S.C. § 1153(b)(2)(B)(ii), is arbitrary and capricious, and is a violation 5 U.S.C. § 706(2)(A).

36. Dr. Narayan demonstrated his agreement to practice in an underserved area by providing detailed documentary evidence that he did, in fact, serve as a full-time physician in a designated underserved area for more than five years. Defendants arbitrarily refused to consider that evidence.

37. Dr. Narayan also provided evidence that the Maine Department of Health and Human Services previously, in 2013, determined that Dr. Narayan's practice at Eastern Maine Medical Center was in the public interest. Dr. Narayan also provided an additional letter, dated March 16, 2022, from the same agency stating the same conclusion. Defendants arbitrarily and capriciously refused to consider Dr. Narayan's evidence on his compliance with the physician national interest waiver requirements, in violation of 5 U.S.C. § 706(2)(A).

Case 3:22-cv-00615-FDW-DCK   Document 1   Filed 11/09/22   Page 13 of 14

## RELIEF REQUESTED

Wherefore, Plaintiff requests that this Court grant the following relief:

(A) Declare that the Defendants' reliance on the special requirements listed in 8 C.F.R. § 204.12(c)(1) and (c)(3) to deny Plaintiff's national interest waiver immigrant petition, is beyond the authority of the agency and a violation of 5 U.S.C. § 706(2)(C);

(B) Declare that the Defendants arbitrarily and capriciously refused to consider plaintiff's evidence that he meets the criteria for a national interest waiver under 8 U.S.C. § 1153(b)(2)(B)(ii), in violation of 5 U.S.C. § 706(2)(A);

(C) Vacate Defendants' denial of the Plaintiff's national interest waiver immigrant petition;

(D) Order Defendants to promptly approve Plaintiff's national interest waiver immigrant petition;

(E) Award Plaintiff his costs in this action; and

(F) Grant any other relief that this Court may deem just and proper.

Dated: November 9, 2022

/s/ Jeremy L. McKinney
 Jeremy L. McKinney
McKinney Immigration Law
910 N. Elm Street
Greensboro, North Carolina 27401
(336) 275-5885
jeremy@mckinneyimmigration.com

Charles H. Wintersteen
Wintersteen Patel Law Group
53 W. Jackson Blvd., Suite 418
Chicago, Illinois 60604
312-566-0301 chw@wintersteenpatel.com
Motion for admission *pro hac vice* forthcoming
**Attorneys for Plaintiff**